IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Dorothy Mae Thompson,　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　　　　Plaintiff,　　　　）　　　Civil Action No. 8:19-cv-02505-TMC
　　　　　　　　　　　　　　　　　）
vs.　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
Andrew Saul, Commissioner of Social　）
Security,　　　　　　　　　　　　　）　　　　　　　**ORDER**
　　　　　　　　　　　　　　　　　）
　　　　　　　　　Defendant.　　　　）
　　　　　　　　　　　　　　　　　）
_____）

　　　Plaintiff Dorothy Mae Thompson ("Thompson") brought this action under 42 U.S.C. §

405(g), seeking judicial review of a decision of the Commissioner of Social Security

("Commissioner"),[1] denying her claim for Disability Insurance Benefits ("DIB").  In accordance

with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred

to a magistrate judge for pretrial handling.  Before the court is the magistrate judge's Report and

Recommendation ("Report"), recommending that the court dismiss Thompson's action as

premature.  (ECF No. 10).  In the Report, the magistrate judge sets forth the relevant facts and

legal standards, which are incorporated herein by reference.  Thompson was advised of her right

to file specific objections to the Report.  *Id*. at 6.  Thompson filed objections to the Report, (ECF

No. 19), and this matter is now ripe for review.

　　　The magistrate judge's recommendation has no presumptive weight, and the responsibility

for making a final determination remains with the United States District Court.  *Mathews v. Weber*,

423 U.S. 261, 270 (1976).  Nevertheless, "[t]he district court is only required to review *de novo*

---

[1] Andrew Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019.  Pursuant
to Fed. R. Civ. P. 25(d), Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this
action.

those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thompson filed her Complaint initiating this action on September 5, 2019. (ECF No. 1). In her Complaint, Thompson asks this court to review the Commissioner's denial of her application for DIB. *Id*. at 3. In support, Thompson sets forth the following allegations:

> I returned to work on the basis of the denial determination, *did not appeal*, which has caused me permanent injury. I had no idea that arthritis was a progressive disabling disease with out [sic] treatment[.] . . .
>
> The fact that I was not granted not even medical insurance as requested to further investigate my injuries leads me to believe the Commission [k]new the scope of my disabi[li]ty[.]

*Id*. at 3, 4 (emphasis added). As the magistrate judge's Report notes, Thompson provides no additional information related to nor asserts any other allegations in support of her claim. *See generally id*.; (ECF No. 10 at 2).

Before a plaintiff can seek judicial review in federal court, however, she must exhaust her administrative remedies and receive a final decision from the Commissioner. *Weinberger v. Salfi*, 422 U.S. 749, 763–65 (1975). Thompson expressly acknowledges in her Complaint that she never

appealed the Commissioner's decision denying her DIB. (ECF No. 1 at 3). Accordingly, the magistrate judge found that Thompson "failed to exhaust her administrative remedies before the Administration" and, therefore, "the decision about which [Thompson] complains is an initial determination, not a final decision." (ECF No. 10 at 3, 4). Thus, the magistrate judge recommends the matter be dismissed as premature.

Although Thompson filed objections to the Report, none of her objections specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 19). In fact, she supports the magistrate judge's findings and recommendation by again acknowledging that she should have appealed the denial of DIB and failed to do so. *Id*. at 1. Thus, because Thompson has not exhausted her administrative remedies, this action is premature and this court does not have jurisdiction to address her claim. *Mathews v. Eldridge*, 424 US. 319, 327 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite.").

Thus, after a careful and thorough review of the Report and filings, the court overrules Thompson's objections (ECF No. 19), and adopts the Report in its entirety (ECF No. 10), which is incorporated herein by reference. Accordingly, this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 18, 2019

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.